Patience Milrod
844 N. Van Ness Avenue
Fresno, California  93728
559/442-3111

Attorney for JOSÉ ANTONIO VÁSQUEZ

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>　　Plaintiff, )<br>)<br>　vs. )<br>)<br>JOSÉ ANTONIO VÁSQUEZ, )<br>)<br>　　　　　Defendant. ) | Case No. 1:08-cr-00228 OWW<br><br>**ORDER ON**<br>**DEFENDANT VÁSQUEZ'S**<br>**MOTION FOR DISCOVERY** |

This matter came on regularly for hearing on February 2, 2009 before the Honorable Oliver W. Wanger.  The United States was represented by Laurel Montoya; Mr. Vásquez was present and represented by counsel, Patience Milrod; co-defendants Mr. Saldaña and Mr. Gutiérrez were present and represented respectively by Roger Litman and Steven Mensel.

Having considered the moving and responsive papers and the oral argument of counsel, and good cause appearing therefor,

*[Proposed] Order on Defendant Vásquez's Motion for Discovery*　　　　　　　　　　1

IT IS HEREBY ORDERED:

The Government will produce the following documents no later than March 2, 2009:

1) All rough notes of any law enforcement agent, including but not limited to all Kern County Sheriff's deputies, conducting the eradication of the marijuana on June 25, 2008 and its destruction on June 26, 2008.

2) Any and all other documentation of the exact number of individual marijuana plants allegedly seized, and on which the assertion in the indictment of at least 1,000 discrete marijuana plants is based, including but not limited to: video footage, photographic evidence, weight records, and any documentation made by the deputies/agents contemporaneously with the eradication and on the basis of which they have asserted precisely 11,202 plants eradicated.

3) Any and all documentation that each, or any, of the eradicated plants met the definition of "marijuana plant" set forth in *United States v. Robinson*, 35 F.3d 442, 445-446 (9th Cir.1994): having "readily observable evidence of root formation," and separate stalks protruding from the ground, each supported by its own root system.

4) Any and all other documentation of the eradicating agents' activities during the time they were allegedly eradicating the marijuana charged in this case, including but not limited to Kern County law enforcement dispatch logs, recordings and transcripts, and/or records of deputies'/agents' cellular

telephone traffic.

5) The production of discovery hereby ordered is to be executed by the official Kern County custodian of the requested records, certifying that a diligent search and reasonable inquiry has been made in an effort to locate the items ordered; that the items produced are complete and correct as of the time the certification is made; and, for any ordered item not produced, the reason Kern County is unable to comply:  e.g., the document never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the County.

IT IS SO ORDERED.

Dated:  3/4/2009                                       /s/ OLIVER W. WANGER
                                                       HON. OLIVER W. WANGER
                                                       Judge of the Eastern District